```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PATRICK HURLEY,

                    Plaintiff,

vs.                           Case No.  2:10-cv-334-FtM-29SPC

KENT OF NAPLES, INC., a Florida Corporation, KENT SECURITY OF PALM BEACH, INC., a Florida Corporation, KENT SECURITY SERVICES, INC., a Florida Corporation,

                    Defendants.
_____

PATRICK HURLEY,

                    Plaintiff,

vs.                           Case No.  2:10-cv-752-FtM-29DNF

GIL NEUMAN, individually and ORLY ALEXANDER, individually,

                    Defendants.
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on the following motions: (1) Plaintiff's Motion *in Limine* to Exclude Evidence of Plaintiff's Religious Beliefs Regarding Sexual Preferences (Doc. #33); (2) Defendant's Motion to Exclude Expert Testimony of Bernard Pettingill (Doc. #41); (3) Plaintiff's Motion *in Limine* to Exclude Unexecuted/Unsigned Charge of Discrimination Filed with EEOC and EEOC Determination (Doc. #43); (4) Defendant's Motion *in Limine* to Exclude FMLA Certification Form (Plaintiff's Exhibit 65)(Doc. #49);

(5) Plaintiff's Motion to Extend Voir Dire Period by Attorneys (Doc. #52); and (6) Defendant's Motion to Strike Plaintiff's Exhibit List (Doc. #67). Responses (Docs. ## 40, 42, 44, 51, 70) were filed.

**Plaintiff's Motion *in Limine* to Exclude Evidence of Plaintiff's Religious Beliefs Regarding Sexual Preferences (Doc. #33)** is denied. At trial, plaintiff is required to prove that he had a "serious health condition" within the meaning of the Family Medical Leave Act. It seems clear that defendant is entitled to examine plaintiff as to the reasons underlying the depression both to determine its actual existence and its severity. The evidence is therefore both relevant and its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or considerations of undue delay, waste of time or needless presentation of cumulative evidence.

**Defendant's Motion to Exclude Expert Testimony of Bernard Pettingill (Doc. #41)** is granted in part and denied in part. The Court finds that Dr. Pettingill is a qualified expert and may testify with regard to the calculation of back pay economic damages. Front pay is for the court, not the jury, and the court will not be utilizing an advisory jury as to equitable relief. Therefore, Dr. Pettingill will not be allowed to testify as to front pay issues.

**Plaintiff's Motion *in Limine* to Exclude Unexecuted/Unsigned Charge of Discrimination Filed with EEOC and EEOC Determination (Doc. #43)** is denied.  The charges of discrimination filed on plaintiff's behalf with the EEOC are clearly admissible at least for impeachment purposes as to the basis of his termination.  To the extent there is an objection as to authentication of the document, defendant will have to establish its authenticity.  Given the correspondence between counsel, the Court will allow defendant to depose plaintiff's prior attorney as to this document and call her as a witness at trial as necessary.  The motion to exclude the document *in limine* is denied.

As to the determinations of the EEOC, the admission of such evidence is committed to the sound discretion of the trial court. Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1288 (11th Cir. 2008).  The Eleventh Circuit summarized the general principles:

> EEOC determinations are generally admissible under the public records and reports exception to the hearsay rule contained in Federal Rule of Evidence 803(8)(C), unless "the sources of information or other circumstances indicate lack of trustworthiness" sufficient to justify exclusion from evidence. [ ] However, EEOC determinations may be excluded from evidence in a jury trial under Rule 403 where the probative value of the determination is "outweighed by the danger of creating unfair prejudice in the minds of a jury."

Blanton v. Univ. of Fla., 273 F. App'x 797, 804 (11th Cir. 2008)(citing Barfield v. Orange County, 911 F.2d 644, 650-51 (11th Cir. 1990)).  The liberal admissibility of EEOC determinations does

not apply to jury trial situations. Lathem v. Dep't of Children & Youth Servs., 172 F.3d 786, 791 (11th Cir. 1999). "Instead, the district court must make the admissibility determination on an individual basis, considering the evidence's probative value and the danger of unfair prejudice." Id. The EEOC's determinations have not been filed with the court, therefore no basis exists on which the Court can exercise its discretion and therefore no basis on which the motion *in limine* can be granted.

**Defendant's Motion *in Limine* to Exclude FMLA Certification Form (Plaintiff's Exhibit 65)(Doc. #49)** is denied. The Court finds that the exhibit is both relevant to contested issues and its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or considerations of undue delay, waste of time or needless presentation of cumulative evidence.

**Plaintiff's Motion to Extend Voir Dire Period by Attorneys (Doc. #52).** The Court will conduct voir dire in its usual fashion, finding nothing about this case or the issues which justify another procedure. The Court will consider written proposed voir dire questions, will examine the prospective jurors, and will allow counsel for both sides to ask brief follow-up questions. The motion is otherwise denied.

**Defendant's Motion to Strike Plaintiff's Exhibit List (Doc. #67)** is denied.

Accordingly, it is now

**ORDERED**:

The motions are resolved as set forth above.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of July, 2011.

                         /s/ John E. Steele
                         JOHN E. STEELE
                         United States District Judge

Copies:
Counsel of record