UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK HURLEY,

    Plaintiff,

v.                                  Case No: 2:10-cv-334-FtM-29CM

KENT OF NAPLES, INC., KENT
SECURITY OF PALM BEACH,
INC., KENT SECURITY
SERVICES, INC. and GIL
NEUMAN,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court are Defendants' Bill of Costs (Doc. 192), filed on May 21, 2014, and Plaintiff's Objections to Defendants' Bill of Costs (Doc. 193[2]), filed on June 2, 2014. This matter was referred to the undersigned by the Honorable Lawrence L. Piersol[3] for a report and recommendation. Doc. 196. For the reasons stated herein, the undersigned recommends that Defendants' Bill of Costs be granted in part and denied in part.

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] Doc. 193 consists of eleven pages. The first two pages are Plaintiff's Objections to Defendant's Bill of Costs. Doc. 193 at 1-2. The remaining pages are definitions and instructions for answering interrogatories, *id.* at 3-5, and five interrogatories with room for someone to attest on behalf of Kent of Naples, Inc. that the answers to those interrogatories are true and correct and a place for the document to be notarized, *id.* at 6-11. The Court presumes this to be clerical error.

[3] United States District Judge for the District of South Dakota.

I.  Background

On May 24, 2010, Plaintiff filed a Complaint against Defendants, his former employers, alleging violations of the Family and Medical Leave Act ("FMLA"), as amended, 29 U.S.C. § 2601, *et seq.* Doc. 1. This case proceeded to trial, and pursuant to the jury's verdict rendered on April 13, 2012 (Doc. 135) and the Court's September 17, 2012 Order granting Plaintiff's motion for liquidated damages and equitable remedies (Doc. 143), the Court entered judgment in favor of Plaintiff and against Defendants as to Count I (FMLA Interference)[4] but in favor of Defendants and against Plaintiff as to Count II (FMLA Retaliation). *See* Doc. 144. Judgment was entered on September 27, 2012 (Doc. 144), and an Amended Judgment in the amount of $1,008,340.96, which included an award of attorneys' fees and costs, was entered on February 14, 2013 (Doc. 180).

Defendants appealed. On March 20, 2014, the United States Court of Appeals for the Eleventh Circuit determined that the district court erred by denying Defendants' motion for judgment as a matter of law because Plaintiff was not eligible for leave under the FMLA. The court reversed the district court's order on the motion for judgment as a matter of law, vacated the judgment and instructed the district court to vacate its order awarding attorney fees to Plaintiff and to enter judgment in favor of Defendants. Doc. 190 at 17.

---

[4] Judgment was entered in the amount of $200,000.00 for actual monetary losses up to the time of verdict, front pay of $353,901.85 and liquidated damages of $200,000.00, plus post judgment interest. *See* Doc. 144 at 1.

Defendants submitted a Bill of Costs (Doc. 192) in the amount of $18,554.56, representing costs of $455.00 as fees of the Clerk, $1,571.80 as fees for service of summons and subpoenas, $11,734.92 as fees for printed or electronically recorded transcripts, $1,015.73 as fees and disbursements for printing, $3,377.50 as fees for witnesses and $399.61 in "other costs." *Id.* at 1. Plaintiff raises four specific objections to Defendants' Bill of Costs.[5] First, Plaintiff argues that Fed Ex costs are not taxable and objects to Defendant's "attempt to bill for demonstrative aids." Doc. 193 at 1. Plaintiff also objects to any expert witness payments to Michael Pancier, as he was not a court appointed expert, and to any costs associated with Geralyn Noonan, Susan Grant or Redux, as each neither was deposed nor testified at trial. Finally, Plaintiff objects generally to any costs not specifically itemized or that otherwise are not taxable. *Id.* at 2. Defendants did not respond to Plaintiff's Objections.

## II. Discussion

Defendants, as the prevailing parties in this matter, may seek an award of costs pursuant to Rule 54, Federal Rules of Civil Procedure, and Middle District of Florida Local Rule 4.18. *See Lookout Mountain Wild Animal Park, Inc. v. Stearns Zoological Rescue & Rehab Ctr., Inc.*, No. 8:09-cv-02301-T-30, 2014 WL 3396503, at

---

[5] The Court notes that Plaintiff's Objections do not contain a memorandum of law in violation of Middle District of Florida Local Rule 3.01(b), which states in pertinent part: "Each party opposing a motion or application shall file . . . a response that includes a memorandum of legal authority in opposition to the request . . . ." However, a court may only tax as costs those permissible under Section 1920. *See* section II. Accordingly, the Court has considered Plaintiff's specific objections on their merits.

*1 (M.D. Fla. July 11, 2014).  Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).

"[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.

When determining whether taxation of costs is appropriate, the Court is bound by the limits set forth in Section 1920.  *See Crawford*, 482 U.S. at 445; *see also Pelc v. Nowak*, No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) ("The Court has limited discretion in awarding costs, and is permitted to tax only those items specified in Sec[.] 1920, unless authorized by statute.") (citing *Crawford*, 482 U.S. at 441-42); *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin*

*Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) ("Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in § 1920."). Although courts retain the discretion to deny costs to a prevailing party, "[t]he presumption is in favor of awarding costs." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2006).

The burden of proving entitlement to costs and the amount of compensable expenses lies with the party seeking to tax those costs. *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994); *Brivik v. Murray*, No. 8:11-cv-2101-T-33TGW, 2014 WL 1576721, at *4 (M.D. Fla. Apr. 18, 2014) ("The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses.") (citing *Loranger*, 10 F.3d at 784); *see also Holland v. Gee*, No. 8:08-cv-2458-T-33AEP, 2012 WL 5845010, at *6 (M.D. Fla. Oct. 23, 2012). "The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the court." *Pelc*, 2013 WL 3771233, at *5; *Lookout Mountain*, 2014 WL 3396503, at *2 ("To recover compensable costs under 28 U.S.C. § 1920, the prevailing party must adequately describe and document those costs.") (citing *Scelta v. Delicatessen*

*Support Servs., Inc.*, 203 F.Supp.2d 1328, 1340 (M.D. Fla. 2002)); *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008) ("The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920."). Failure to provide supporting documentation can be grounds for denying costs. *Pelc*, 2013 WL 3771233, at *5.

With the above guidance in mind, the Court has reviewed Defendants' Bill of Costs and Plaintiff's Objections, and finds that Plaintiff's Objections are well-taken. The Court therefore recommends that they be sustained, and certain costs denied as set forth below.

    a. *Fed Ex costs*

Defendants state they "incurred a number of Federal Express courier charges throughout the course of the litigation," but "[o]nly those FedEx charges to the Clerk are itemized for taxation as costs. . . ." Doc. 192-1 at 2. The relevant invoices are identified by Defendants as items number 16, 17 and 18. Item number 16, FedEx invoice number 7-554-68650, is an invoice summary dated July 8, 2011 reflecting transportation charges of $10.50 and special handling charges of $8.19, for a total of $18.69. Doc. 192-2 at 40-42. Item number 17, FedEx invoice number 7-556-35505, is an invoice summary from FedEx dated July 11, 2011 reflecting transportation charges of $10.50 and special handling charges of $1.73, for a total of $12.23. Doc. 192-2 at 43-45. Item number 18, FedEx invoice number 7-557-88450, is an invoice

summary dated July 12, 2011, reflecting transportation charges of $10.50 and special handling charges of $8.19, for a total of $18.69. Doc. 192-2 at 46-48. In total, Defendants seek to recover $49.61 for these FedEx shipping and handling costs. Plaintiff argues that FedEx costs should not be billed, as they are not taxable. The Court agrees.

Relatedly, and although Plaintiff does not specifically object to the shipping costs associated with depositions in this matter, the Eleventh Circuit has held that a district court abused its discretion by taxing costs for shipment of deposition transcripts, because Section 1920 does not authorize recovery of shipping expenses. *Watson v. Lake Cnty.*, 492 Fed. Appx. 991, 997 (11th Cir. 2012) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996)); *see also Kobie v. Fithian*, No. 2:12-cv-98-FtM-29DNF, 2014 WL 2215752, at *2 (M.D. Fla. May 28, 2014) ("It is well settled that costs for 'shipping and handling' or postage costs are not recoverable expenses under § 1920."). Upon review of the documentation filed in support of Defendants' Bill of Costs, several of the invoices for deposition transcripts include shipping and handling ("S&H") fees, which together total $82.89.[6] Accordingly, because the cost of shipping is not recoverable under Section 1920, the Court recommends that any award of costs and fees to Defendants be reduced by $49.61 and $82.89.

---

[6] *See* Doc. 192-2 at 15 ($38.89 for S&H of items related to a "transcript package"), 23 ($8.50 for S&H of deposition of Patrick Hurley – Vol. 2), 25 ($10.00 for S&H of deposition of Patrick Hurley), 28 ($8.50 for S&H of deposition of Fred Stuart), 30 ($8.50 for S&H of deposition of Stacey Hurley) and 38 ($8.50 for S&H of deposition of Carlos M. Paisan, M.D.).

### b. Demonstrative aids

Defendants state they "used several demonstrative exhibits and blow-up copies of other exhibits at trial. The cost paid to FedEx/Kinkos for those exhibits was $250.36." Doc. 192-1 at 2. This cost is listed on the second attachment to Defendants' Bill of Costs as "Reproduction. 19. Blow-up Trial Exhibits. 250.36." Doc. 192-2 at 2. The corresponding invoice is a photocopy of a check, number 2042, made payable to "Frank H. Henry" in the amount of $790.48, of which $250.36 pertained to "Fedex charges – blowup pictures for trial." Doc. 192-2 at 49. Plaintiff objects to the taxation of this cost. Doc. 193 at 1.

Other than Defendants including with their Bill of Costs an affidavit from counsel stating generally that "[e]ach of these costs was necessarily incurred in the case, and the services for which fees have been charged were actually and necessarily performed," Doc. 192-1 at 3, Defendants do not provide sufficient detail to allow "meaningful review by the court" with respect to whether such demonstratives were necessary, or merely for convenience. *Pelc*, 2013 WL 3771233, at *5; *see, e.g.*, *Gonzalez v. Cooperativa De Seguros Multiples De Puerto Rico, Inc.*, No. 8:08-cv-1910-T-30TGW, 2010 WL 2367221, at *3 (M.D. Fla. June 14, 2010) (striking costs for trial presentation animation and demonstrative aids where moving party failed to show why those costs were necessary); *Reis v. Thierry's Inc.*, No. 08-20992-CIV-TURNOFF (LENARD), 2010 WL 1249076, at *3 (S.D. Fla. Mar. 25, 2010) (denying request for costs of demonstrative exhibit used at trial, finding the enlarged letter "was not so much necessary as convenient to the presentation of Plaintiff's case."); *Curry v.*

*Montgomery*, No. 07-22899-CIV, 2010 WL 883798, at *6 (S.D. Fla. Mar. 9, 2010) (declining to award costs for enlarging and mounting photographs used at trial where prevailing party failed to show that enlargement and mounting was necessary within the meaning of § 1920(4)); *Alexander v. Broward County*, No. 06-60658-CIV, 2008 WL 4960445, at *2 (S.D. Fla. Nov. 20, 2008) (denying costs for demonstrative exhibits for trial, finding "[t]his costs was a strategic choice of the Defendants for litigation and not a cost that should be passed on to the Plaintiff."). Thus, because "a court can only award costs that are 'adequately described and documented,'" *North v. Mayo Grp. Dev., L.L.C.*, No. 3:11-cv-444-J-32JBT, 2013 WL 3461912, at *1 (M.D. Fla. July 19, 2013) (quoting *Scelta* 203 F.Supp.2d at 1340), the Court recommends that Defendants' request to tax costs in the amount of $250.36 for demonstrative exhibits against Plaintiff be denied.

    c. *Expert witness fees*

Defendants seek to tax as costs against Plaintiff $1,802.50 in expert witness fees for their expert, Michael Pancier, "relating to the defense of Plaintiff's Motion for Attorney's Fees." Doc. 192-1 at 3. The Eleventh Circuit stated that expert witness fees "are clearly nonrecoverable." *Duckworth*, 97 F.3d at 1399 (citing 28 U.S.C. § 1920). Courts in this district have therefore refused to tax expert witness fees for non-court appointed experts as costs because such costs are not specifically enumerated in Section 1920. *See Tempay, Inc. v. Biltres Staffing of Tampa Bay, Inc.*, No. 8:11-cv-2732, 2013 WL 6145533, at *6 (M.D. Fla. Nov. 21, 2013) ("[E]xpert witness fees, unless the expert is court-appointed, are not taxable under section

1920."); *Davis v. Tampa Bay Arena, LTD.*, No. 8:12-cv-60-T-30MAP, 2013 WL 5798603, at *2 (M.D. Fla. Oct. 28, 2013) (declining to award expert consulting and service costs in amount of $42,566.75 as unrecoverable under Section 1920 (citing *Duckworth*, 97 F.3d at 1399)); *North*, 2013 WL 3461912, at *1 (declining to award prevailing party $2,000.00 in expert witness fees because they "are not permitted under federal law" (citing 28 U.S.C. § 1920)). Accordingly, the Court recommends that $1,802.50 in expert witness fees for Michael Pancier not be taxed against Plaintiff in this matter.

### d. *Costs associated with Geralyn Noonan, Susan Grant and Redux*

Defendants seek to tax as costs against Plaintiff the following subpoena fees: $65.00 for Redux Group, $70.00 for Susan Grant, $140.00 for Redux Group and $140.00 for Geralyn Noonan. Doc. 192-2 at 2. In support, Defendants state that they "paid for the service of multiple subpoenas for attendance at deposition and for attendance at trial." Doc. 192-1 at 2. Defendants also seek to tax against Plaintiff a $45.00 witness fee as to Geralyn Noonan. Doc. 192-2 at 2. Plaintiff objects to the taxation of any costs associated with Geralyn Noonan, Susan Grant and Redux Group, because they neither were deposed nor testified at trial. Doc. 193 at 1.

As to the witness fee for Geralyn Noonan, there is no evidence that she was deposed or testified. Other courts in this district have recommended that witness fees not be taxed for witnesses who neither testified nor were deposed. *See Holland*, 2012 WL 5845010, at *6 (recommending that witness fees not be taxed as to seven witnesses where "review of the trial transcripts reveals that the seven witnesses

identified by the Defendant did not testify . . . and the record is devoid of any evidence to indicate those witnesses were in fact deposed."); *Ferguson v. Bombardier Servs. Corp.*, No. 8:03-cv-539-T-30MSS, 2007 WL 601921, at *5 (M.D. Fla. Feb. 21, 2007) ("Neither Mr. Yeoman nor Mr. Pook testified at trial, based on the minutes of the trial. . . . These witnesses are not even entitled to an attendance fee because Rockwell Collins has failed to provide any evidence of when they were scheduled to testify."); *see also Castillo v. Teledyne Continental Motors, Inc.*, No. 08-21850-CV, 2011 WL 1343051, at *3 (S.D. Fla. Mar. 16, 2011) (stating that witness "fees should only be awarded for witnesses who actually attend trial or a deposition." (citing *Ferguson*, 2007 WL 601921, at *5)). Moreover, Geralyn Noonan is not listed on either party's witness list. *See* Docs. 53-3, 53-4.[7] Accordingly, the Court recommends that the $45.00 witness fee for Geralyn Noonan not be taxed against Plaintiff.

As to Defendants' request to tax the costs of serving subpoenas, this is a closer question. Courts outside this circuit have held that "[c]osts of serving testimonial and document subpoenas on witnesses and third parties may be recovered even if these parties were not deposed or did not testify at trial. [T]he appropriate inquiry is whether the issuance of the subpoena was reasonable and necessary in light of the facts known at the time of service." *Sixth Angel Shepard Rescue, Inc. v. Bengal*, Civil Action No. 10-1733, 2013 WL 5309269, at *10 (E.D. Pa. Sept. 23, 2013)

---

[7] Defendants' witness list includes a "Geraldine Noonan." Doc. 53-4 at 2. Even assuming this is simply a typographical error and should read "Geralyn Noonan," the Court finds that Defendant is not entitled to recover the $45.00 witness fee for Geralyn Noonan because she was neither deposed nor testified at trial.

(alteration in original) (quotation marks omitted). Here, Defendants have not provided the Court with any information by which it can determine the necessity, or even the reasonableness, of such subpoenas. Accordingly, it is recommended that the Court not tax against Plaintiff the costs associated with the subpoenas of Geralyn Noonan, Susan Grant and Redux, and therefore that any award of costs be reduced by $415.00.[8]

      e. *Other costs*

Costs of mediation are not expressly provided for in Section 1920 and therefore are not recoverable pursuant to that statute. *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 846 (11th Cir. 2008); *see also Kobie*, 2014 WL 2215752, at *2 ("Rule 54(d) and § 1920 do not provide any means to recover mediation fees."); *Lookout Mountain*, 2014 WL 3396503, at *3 ("Mediation costs are not listed under 28 U.S.C. § 1920, and are not compensable."); *Tempay, Inc.*, 2013 WL 6145533, at *6 ("[I]t is well-settled within the Middle District that costs associated with mediation, even court-ordered mediation, are not recoverable under section 1920.") Thus, it is recommended that Defendants' request to tax the $350.00 mediator's fee against Plaintiff be denied.

Finally, $81.80 for "Exhibit Binders & Trial Prep Materials" is listed under the subheading "Subpoenas" as a cost Defendants seek to tax against Plaintiff. Doc. 192-2 at 2. The corresponding invoice contains a check for $790.48 made out to Frank

---

[8] The sum of $65.00 for Redux Group, $70.00 for Susan Grant, $140.00 for Redux Group and $140.00 for Geralyn Noonan.

H. Henry, of which $81.80 apparently was for "Exhibit binders, tags and trial preparation materi[als]." Doc. 192-2 at 64. The Eleventh Circuit has determined "[Section] 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor." *Watson*, 492 Fed. Appx. at 997 (citing 28 U.S.C. § 1920). Accordingly, the Court recommends that the award of costs be reduce by an additional $81.80.

### III. Conclusion

As the prevailing parties, Defendants are entitled to recover costs, subject to the limits set forth in 28 U.S.C. § 1920. Although Defendants seek to recover $18,554.56, the Court finds that many of the costs Defendants seek to tax against Plaintiff are not recoverable, as set forth above. Thus, the Court recommends that the award of costs be reduced by $3,077.16,[9] and that costs in the amount of $15,477.40 be taxed against Plaintiff in this matter.

ACCORDINGLY, it is respectfully **RECOMMENDED** that Defendants' Bill of Costs (Doc. 192) be **GRANTED in part and DENIED in part** and that Defendants be awarded $15,477.40 in costs.

---

[9] The total of $49.61 in FedEx costs; $82.89 for shipment of deposition transcripts; $250.36 for demonstrative aids; $1,802.50 for expert witness fees; $45.00 for a witness fee for Geralyn Noonan; $415.00 for costs associated with the subpoenas of Geralyn Noonan, Susan Grant and Redux; $350.00 for the mediator's fee; and $81.80 for binders and materials.

- 14 -

**DONE** and **ENTERED** in Fort Myers, Florida on this 6th day of November, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record